UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

OLD REPUBLIC INSURANCE COMPANY,

        Plaintiff,

    v.

FLYING START AERO, LLC, *et al.*,

        Defendants.

Case No. 3:17-cv-00295-MMD-WGC

ORDER

**I.    SUMMARY**

This is an insurance dispute related to a plane crash. Before the Court is Plaintiff Old Republic Insurance Company's motion for summary judgment ("Motion") (ECF No. 79). The Court has reviewed the responses, replies, and joinders thereto (ECF Nos. 91, 93-94, 97-103, 105, 110-12).[1] The Court has also reviewed Plaintiff's motion for leave to file supplemental evidence (ECF No. 113), as well as the response, reply, and joinder thereto (ECF Nos. 115-17). The Court denies Old Republic's Motion because, construing the facts in the light most favorable to the nonmoving parties, Defendants have raised a genuine issue of material fact as to whether the flight was operated for hire. The Court also denies Old Republic's motion for leave to file supplemental evidence.

///

///

---

[1]The Court did not consider Defendant Geico Indemnity Company's ("Geico") response or joinders (ECF Nos. 92, 95, 96) or Old Republic's reply to Geico's response (ECF No. 104) because Geico is no longer a party. (*See* ECF No. 109.)

## II. BACKGROUND

The following facts are undisputed unless otherwise indicated.

### A. Crash

Old Republic issued a policy ("the Policy") of aircraft insurance to Defendant Flying Start Aero, LLC ("Flying Start") with effective dates of November 25, 2015, to November 25, 2016. (ECF No. 79 at 4.) One of the aircraft covered under the Policy was a 1981 Beech 36 ("Beech Aircraft"). (*Id.*)

James Elliker emailed John Brown (owner of Flying Start) on August 23, 2016, to ask if he could hire Brown or one of his pilots to fly him from Reno to Temecula, California, and back for a business meeting on August 30, 2016. (*Id.*) Brown agreed to pilot the Beech Aircraft and quoted Elliker a price estimate of around $3,000. (*Id.*; *see also* ECF No. 79-2 at 30 ("Estimate of roundtrip costs are: about $2,500 for the plane (you get discount rate) & pilot plus the airport 6% fee and, standby time at $50/hr for about 6 hours, brings the total to around $3,000.").) Elliker provided additional logistical information and Brown reduced the cost estimate by $200. (ECF No. 79-2 at 29.) Elliker then proposed a different itinerary (Reno to Las Vegas to Temecula to Las Vegas to Reno), and Brown provided a new cost estimate: "near $4,000." (*Id.* at 28.)[2]

The plane crashed on the last leg of the trip from Las Vegas to Reno, and Elliker and Brown sustained fatal injuries. (ECF No. 79 at 6.) Real and personal property of third parties were damaged, and claims were made under the Policy for wrongful death, property damage, and damage to the Beech Aircraft. (*Id.*)

### B. Policy

The Policy seems to apply to the Beech Aircraft as used for "Industrial Aid," "Instruction and Rental," "Sightseeing," and "Pleasure and Business." (ECF No. 47 at 12,

///

///

---

[2]The parties dispute the inferences that can be drawn from these emails about whether the flight was operated for hire. (*See, e.g.*, ECF No. 79 at 14; ECF No. 91 at 3.) The parties also dispute the authenticity of these emails (*see* ECF No. 98 at 3), but it is not necessary to resolve this issue for the purposes of this order.

2

34.)[3] These terms of art exclude coverage for most flights for hire. (*Id.* at 20 (defining Instruction and Rental as "excluding passenger or freight carrying for hire or reward"), 21 (defining Pleasure and Business as "excluding any operation for hire or reward"), 35 (defining Industrial Aid as excluding flights for hire), 36 (defining Sightseeing as excluding coverage for flights for hire except those within a 25-mile radius of the airport of departure).)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

///

---

[3]While Old Republic argues that the Policy "provided coverage only if the involved Beech Aircraft was being used for 'Industrial Aid'" (*see, e.g.*, ECF No. 112 at 5), the plain language of the Policy suggests that coverage included uses for Instruction and Rental, Sightseeing, and Pleasure and Business. However, it is not necessary to resolve this issue for the purposes of this order.

3

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.  OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 79)

Old Republic argues it is entitled to summary judgment because the Policy does not cover the Beech Aircraft when used as part of an operation for hire. (ECF No. 79 at 12.) Defendants primarily argue (1) that the Policy covers flights for hire (or that Old Republic has failed to identify an exclusion for flights for hire) and (2) that there is a genuine issue of material fact with respect to whether the flight was an operation for hire. (ECF No. 93 at 10-19; ECF No. 91 at 6-7; ECF No. 97 at 4-7.) The Court addresses these arguments in turn.

### A.  Coverage

The premise of Defendants' first argument is that the Policy covers all uses of the Beech Aircraft and that the endorsements to the Policy enumerate only some of those uses, such as Industrial Aid. (*See* ECF No. 93 at 10-11.) Based on this construction of the Policy, Defendants argue that Old Republic has failed to identify a specific exclusion that applies in this case. (*Id.*) Old Republic disputes the premise, arguing that the Policy provided coverage only if the Beech Aircraft was being used for Industrial Aid, the definition of which excludes flights for hire. (ECF No. 112 at 5.)

"A federal court, sitting in diversity, construing an insurance policy, must apply the law of the state in construing an insurance policy." *Fortis Benefits Ins. Co. v. Johnson*, 966 F. Supp. 987, 989 (D. Nev. 1997), *aff'd*, 152 F.3d 925 (9th Cir. 1998) (internal citations omitted). Under Nevada law, courts must construe policy terms based on "their plain, ordinary and popular connotations." *Fourth St. Place v. Travelers Indem. Co.*, 270 P.3d 1235, 1239 (Nev. 2011), *as modified on reh'g* (May 23, 2012) (citation omitted); *see also Century Sur. Co. v. Casino W., Inc.*, 329 P.3d 614, 616 (Nev. 2014). As for whether a term is ambiguous, courts should look to the parties' "reasonable expectations of coverage as drafted" and should view a term "in conjunction with the policy as a whole in order to give a reasonable and harmonious meaning and effect to all its provisions." *Fourth St. Place*, 270 P.3d at 1239 (internal quotation marks and citations omitted). Moreover, courts must construe any ambiguity against the insurer. *Id.*

The Court agrees with Old Republic and rejects Defendants' premise. While the section of the Policy discussing liability coverages does not expressly exclude coverage based on particular uses (*see* ECF No. 47 at 15), the endorsements to the Policy clearly exclude coverage for the Beech Aircraft when it is used for flights for hire (*see id.* at 20-21, 35-36). Thus, the insured would not have a reasonable expectation of coverage for flights for hire. *Fourth St. Place*, 270 P.3d at 1239. In addition, the Court must give effect to all provisions of the Policy—including the exclusions for flights for hire. *Id.* Accordingly, the Court rejects Defendants' first argument.

B.   **Flight for Hire**

Old Republic argues that the flight was an operation for hire based on two pieces of evidence: (1) the email exchange between Brown and Elliker estimating the price of the trip at $4,000 and (2) expert witness testimony that the actual cost of the trip would have been lower. (ECF No. 79 at 12-14.) Even assuming that these materials are admissible,[4]

///

---

[4] Various Defendants contend they are not. (ECF No. 93 at 9-10; ECF No. 97 at 7-12. *But see* ECF No. 91 at 3 ("Flying Start does not dispute the authenticity of the email chain between Elliker and Brown . . . .").)

they do not establish that the flight was for hire when construing the facts in the light most favorable to Defendants. Flying Start argues, for example, that a reasonable juror reasonably could draw the following conclusions from these materials: "(1) that Brown simply provided a poor estimate of the cost of the flight; (2) that Brown made an error in estimating the cost of the flight; (3) that Brown intentionally over-estimated the cost of the flight, or 'rounded up,' to ensure that the costs did not exceed his estimate; (4) that [the expert's] opinion is not sufficient to establish that Brown intended to violate federal law by offering a charter flight; or (5) that [the expert's] opinion is not sufficient to even establish that Brown actually over-estimated the cost of the flight." (ECF No. 91 at 7.)

The Court agrees with Defendants. While a reasonable juror might infer that the flight was for hire based on the difference between the cost estimates provided by Brown and Old Republic's expert, a reasonable juror could also infer that Brown provided a poor estimate or intentionally overestimated the cost, among other possible inferences. Given that Defendants have raised a genuine issue of material fact as to whether the flight was for hire, the Court will deny Old Republic's Motion.

### V. OLD REPUBLIC'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE (ECF NO. 113)

Old Republic seeks leave to file the official final report of the accident by the National Transportation Safety Board ("NTSB"). (ECF No. 113 at 1-3.) The Court will deny this request because Old Republic did not explain in the motion why it sought to file the report, nor did Old Republic attach the report to its motion for leave for the Court's consideration. (*See id.*) While Old Republic asserts for the first time in its reply that "the NTSB questioned whether the subject flight was a flight for hire" (ECF No. 117 at 6), it is unlikely that the agency's mere question would preclude the other reasonable inferences jurors could draw from the email exchange and expert witness report as discussed *supra* Section IV(B).

///

///

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff Old Republic's motion for summary judgment (ECF No. 79) is denied.

It is further ordered that Plaintiff Old Republic's motion for leave to file supplemental evidence (ECF No. 113) is denied.

DATED THIS 6th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE